Good morning. May it please the Court, my name is Ryan Jeverskrat and I represent the plaintiff and the petitioner Brian Tofte who is the father and the personal representative of the estate of his late son Justin Tofte. This case concerns whether the plaintiff met his burden on the application of Washington State's public duty doctrine and the plaintiff did meet his burden. The trial court made three underlying errors that require reversal and remand this case. First, the trial court decided matters that were not in the defendant's opening brief. We don't need to find that there was an error by the district court. We're reviewing this de novo, correct? Correct. Yes, correct. The trial court decided matters that were not in the defendant's opening brief and which plaintiff did not have an opportunity to respond to. So let's take a look at by looking at what was brief on page 26 of the city's motion for summary judgment, three sentences asserting that law enforcement owed no duty to the decedent pursuant to the public duty doctrine. In response, the plaintiff cited the duty to use ordinary care and avoid unreasonably escalating an encounter to use deadly force and we cited two cases for that, Beltran-Serrano, a 2019 Washington State Supreme Court case and Joseph v. City of Kent, a 2021 district court case that stand for exactly that proposition. And on reply, in one sentence on page 12 of their reply brief, the city actually acknowledged that the plaintiff had identified a common law duty of care and thereby conceding the  That should have been the end of it. That was the only issue that they moved for on summary judgment. The plaintiff's negligence claim should have been tried to the jury just like plaintiff's other claims but instead were here and were here because the city also went on to argue for the first time on reply that the plaintiff had not created a genuine issue of material fact regarding the breach of that. Well, actually, you're here because you're appealing the district court's decision. Correct. So where did the district court go wrong in concluding that the public duty doctrine foreclosed your negligence claim? Absolutely. So the duty that was identified by the plaintiff below was a common law duty, the same duty that was stated by the court in Beltran Serrano. It's been recognized by our court system for over 100 years. Beltran Serrano cited the case of Johns v. Clark for this proposition. It's a common law duty. On the other hand, as made clear by the Washington State Supreme Court in Nord v. City of Seattle, the public duty doctrine applies only to claims based on alleged breach of special government obligations that are imposed by statute or ordinance, not common law negligence. So for some strange reason, the district court didn't grapple with those cases.  Is that right? Correct. That is correct. And it's your view that if the district court had taken a hard look at those cases, might not have ruled the way it did. Is that right? Well, the public duty doctrine just did not apply in general to a common law. I'm trying to get at what the district court would have done if the district court had read these cases carefully. Right. So if the district court would have read these cases carefully, it would have decided the public duty doctrine did not apply, that there was a common law duty to exercise reasonable care and law enforcement duties. And then there would be a genuine issue of material fact that was created that would allow your claim to go beyond summary judgment. Correct. But it didn't get there. It just ruled that, well, it did get there, and that it ruled that there was, that we were stopped by the, there was no duty. Then additionally, that even if there was a duty, we didn't create an issue of material fact. But that sort of goes back to the issue to begin with, it wasn't argued in their motion that anything outside of the public duty doctrine, that we couldn't meet our burden to create a genuine issue of material fact. So that's not what we briefed. But also importantly, there was material in the briefing that would allow the court to find an issue of material fact. First there was no tactical plan. This meant that there was no de-escalation techniques contemplated. There was no contact or cover rules identified. There was no less lethal force, excuse me, less lethal force contemplated. The poor planning led Officer Sanders to go straight to the use of deadly force when other options would have otherwise been available to him. Plaintiff's police practices expert explicitly opined on this. The other issue, and I think this is really important, was there was no perimeter established. And to do this would require backup, but they didn't have backup. Excerpt of record volume four at page 757, it's almost as positive on this issue. Deputy Sanders says to his colleague, hey, we need more people because he's going to run on foot. He then called one of his colleagues, who apparently was at the jail, and Officer Sanders then hung up on him. He said, we're trying to do this fairly quickly. So instead of doing things right, establishing a perimeter, using de-escalation tactics, they rushed it and created a dangerous situation. We don't need to address any of these issues if we decide that this was not, that the city did not in the first instance meet its burden to argue these issues in a summary judgment motion, which would have shifted the burden to you to raise a genuine issue of material fact. We don't really even have to go through any of this, correct? That's correct. And that's your first argument. You're sort of making this argument now as an alternative. Correct. Yeah. At the end of the day, the public duty doctrine did not apply because it was clearly a common law duty that was asserted. So that would have allowed the court to go move on to the merits, but they didn't move under the merits, so there was no reason for us to do that. Even if they had, though, we would have prevailed because there was a genuine issue of material fact. And with that, I will just ask that, again, there were numerous issues of material fact cited below. This was a Beltran-Serrano case on the mark, and for these reasons, the appellate respectfully requests that the district court's order be reversed and that the matter be remanded for trial of the merits. And I'll reserve the rest of my time. Thank you, counsel. Thank you. May it please the court. My name is John Justice, and I represent the city of Longview. It's Police Chief Robert Huta and Sergeant Jordan Sanders, members of the Longview Police Department. The district court granted the city's motion for summary judgment on the negligence claim asserted in the complaint. The case did proceed to trial on the plaintiff's claims for excessive force and assault and under state law, which the jury rejected. The grant of summary judgment should be affirmed by this court because the plaintiffs did not meet their burden under Rule 56 to properly oppose the motion. The city moved for summary judgment on the negligence claim, arguing that the plaintiffs had not identified a non-statutory duty of care that was owed to the plaintiff. It's important to note that there's still public duty doctrine defenses applicable to law enforcement duties. The courts in Washington have held that general policing investigations, those things are still subject to public duty doctrine. So it's important to articulate, it was important for the plaintiffs to articulate, what exactly they were arguing was the duty of care and what it required, according to them, in this case. They did not do that. The case, Beltran-Serrano, that I think your friend on the other side argued this morning, talks about this specific exception to the public duty doctrine that extends to individuals and sort of cites to this case and for the proposition that there was something more here, that this wasn't sort of just a generalized duty, but that was owed to this individual. So why isn't that enough? Well, the question here, I think, in the issue really comes down to what does Rule 56 require of the non-moving party and did the plaintiffs in this case meet that burden? It's not enough to simply do as they did, cite a couple of cases that say it is possible to reach law enforcement duties in a negligence claim. Well, I agree with that. So we have to take the facts in a light most favorable to the non-moving party. So we look at the complaint and the allegations in the complaint that relate to these various steps that were taken and the chase that ensued and the fact that there wasn't this plan to be able to detain him, what happens if he runs, they tase him. So I mean, I think those things are encapsulated in the complaint and we have to look at those allegations in a light most favorable to the non-moving party. Well, I think the question is, does the district court have to become the lawyer for the plaintiff or not? And that's really where I think this court in the Carmen versus San Francisco case reiterates the fact that it's not the district court, it's not the judge's burden to go to the record and say, where do the facts come from that support this cause of action? When the plaintiff's attorneys have not done that. And if you look at the section of their brief and their response to summary judgment, it doesn't cite to any portion of the record. There is not one citation. When you move for summary judgment, did you argue, even if there is a particular duty that was common law duty that was owed to the plaintiff in this case, the facts here don't support that? We argued two things. One is that there was no articulable duty that the plaintiff pointed out. And we also argued that there was a felony defense that barred their claim because it was undisputed that the plaintiff was a felon in possession of a firearm. Well, that's another. OK. And they didn't respond to that argument in their response. And so in reply, literally, we had their response, which didn't say- But did you argue the facts? Did you say, even beyond the felony defense, felony offense defense here, did you argue, well, these facts, a trier fact could only rule one way, come out one way? We did not, Your Honor. Because- Because they didn't give you any facts. They didn't give us any facts in response to- But you moved for summary judgment. Right, which our burden is to point out a lack of evidence or a lack of a legal basis. You argued here there was a lack of a legal theory. Correct. And in response, the district court found they didn't articulate a non-public duty, which they didn't. But the district court didn't seem to grapple or even deal with or even look at Beltran. Well, because the plaintiffs didn't say, how does Beltran apply? But did they point out Beltran to the district court? They cited the case, but no facts to say, this is how Beltran gets us there. Let me ask you this. Isn't the district court required to apply, you know, the law that applies to a case? The district court is required to review the arguments made by counsel and the facts cited by counsel. But they're not required to apply the law. They are required to apply the law to the arguments being made.  I'm talking about the law that applies to the case.  Well, and I think the problem with the argument in response to this case is it didn't give the district court any analysis to analyze. They pointed out Beltran. It cited the case, and that's it. Yeah, it said, under Washington law, claims of negligent enforcement are not novel, dah, dah, dah, dah, dah. There's potential for tort liability based on negligent performance of law enforcement activities, citing Beltran. Period. Is there anything else the plaintiff? No, they cited another case, two other cases, excuse me, but didn't provide the district court with, how do these facts support our case? We're getting to the jury in our case. And it's important, even in the Beltran-Serrano quote, it states there is a potential for tort liability. That doesn't mean that in every case in which law enforcement interacts with an individual, there can be tort liability. And that's where the argument of counsel comes into play. And the district court should not, and didn't in this case, decide to be the lawyer for the plaintiff and say, well, how can I make Beltran-Serrano support their case? Well, they didn't cite any evidence, so let me go back in the evidence that's in the record and find the evidence that supports their argument. Because again, it's not simply... So we're now here on appeal, and we're reviewing the summary judgment motion de novo. Correct. And we have the complaint in front of us, and I'm looking at ER 44 to 57, and there are a number of allegations here that Officer Sanders and Hartley did not follow proper police practices, that they failed to adequately warn Tofty before shooting, and that they failed to take measures to prevent foreseeable harm by tactical planning before engaging and apprehending Tofty. So I understand your argument that the district court may not have had the time, the interest, or even the obligation to pour through the complaint to find how Beltran-Serrano applies to these facts, but the fact exists that there is a complaint with these allegations, that there is expert declarations that were attached to the response to the motion for summary judgment, and there is an argument that's made that taking the facts in a light most favorable to us, plaintiffs, as the non-moving party, this case, plus these facts, raise a genuine issue of material fact. Well, I would simply say that the arguments you heard today, the arguments in the briefing, were not made to the district court, and the declaration of the expert was not cited anywhere in their argument on the negligence claim, and really what it boils down to is there's not a cause of action under Washington law that every time the police respond to an incident, every aspect of their response is subject to a negligence claim. For example, the investigation portion of it, deciding that Mr. Tofti should be arrested, making a decision, a plan to make that arrest happen, it's certainly not clear in the case law that that is a viable negligence claim. He may lose on his negligence claim. I'm not making any sort of suggestion as to the merits or the viability of the claim. We're reviewing this on summary judgment. From what I gather, this was claim four or five, and neither of the parties really spent a whole lot of time briefing or focusing on this particular claim. We're here on appeal merely because it's the last remaining claim that hasn't been disposed of, and now we're going back and sort of ... Your entire motion for summary judgment on this claim is one paragraph. I think the real ... The nub of the issue for this court to decide is not whether if plaintiffs had done all the things they're now doing, or if the plaintiffs had done something different in the district court, the district court might have gotten it wrong or right, but they didn't. Does the district court err by not making the plaintiff's arguments for them or combing the record? I think there's a couple of policy issues. Are you concerned or ... When they reply to the motion for summary judgment, they go through the whole story. Not in response to the negligence claim. Well, I mean, there's the whole ... By the whole story, I mean what happened that day. Correct? They put in their version of the facts, not in that section, but in the brief response. What difference does it make if it's in one section or the other section? It was in the brief, right? Because the district court has to know what it is the plaintiffs are arguing as to that claim, not just to the Fourth Amendment claim. I appreciate everything you're saying, but I recall very well my days as a district judge. Lawyers, they don't do things maybe the way I would like it done as a district judge. You know, everything really nice and sharp and tidy, but the whole story about what happened here is in their opposition to the motion for summary judgment. They even got photos in the opposition, right? Correct. So, it struck me that what really was going on here, the district court just didn't think that there was a private duty that was owed here. Well, because ... You know, you can look at all the facts ... I'm curious, are there other facts that are unique to the negligence claim? Yes, Your Honor, because the negligence claim against law enforcement is a fairly new phenomenon in Washington State. And it's certainly not clear that what portions of this event would be, in fact, a non-public duty. And so, it's incumbent on the plaintiffs in a case like that to articulate to the court, you know, these cases say you can't sue the police for negligently investigating something. These cases say you can't sue the police for policing to the general public. So, what is it about this case in particular that you're saying the police owe a duty of care? At what point? At what point does the duty of care to this person apply when they're reaching for the gun? If you look at Beltran, it talks about in the performance of the duty, right? But what performance? Okay, so here, if you just look at the photographs that are in the opposition, you know, the question is, it seems like kind of obvious, were the police reasonable? You know, did they follow reasonable procedures in the way in which they went about trying to apprehend this fellow? But that's not anywhere clear in any case that they have a duty to do that. And that's the problem is the plaintiffs didn't do the things. But I understand Beltran pretty looks like there is a duty here. There could be a duty at certain points of this event. But the plaintiffs didn't tell the district court at what point they're claiming there was a duty. And let me point the court to a couple of policy issues to consider as to why it would be unfair to do, to reverse the district court in this case. If the plaintiffs had made the arguments that they're making now in the district court, which they didn't, if they had cited the portions of the record that they believe supported their negligence claim in the district court, which they didn't, we would have had the opportunity as the moving party to respond to that, that evidence and those arguments in our reply, and perhaps resolve this case in a different way at the district court level. We weren't given that opportunity to do that because the plaintiffs didn't do what they're doing now in the district court. And in the Carmen versus San Francisco Unified School District case, the court pointed out the prejudice to the moving party in a scenario where the plaintiff doesn't adequately argue their response on summary judgment. And so now we have to potentially go back and have another trial. We've already had a trial that the jury soundly rejected these claims. In this case, you have this sort of state law claim that's the only remaining claim and was brought with the rest of these claims that were federal claims. If it's remanded, what happens to this claim? Do you stay in federal court? I don't think so, Your Honor. I think there's been recent cases. I can't cite the case in the Ninth Circuit where that would get remanded, that claim would get remanded to state court. And then we'd be forced to go through another trial when this should have been dealt with at the district court. If the plaintiffs had met their burden under Rule 56 to cite, to cite. Well, their burden doesn't really get triggered until your burden is met first under Rule 56 to make the arguments. But under Celotex, all we have to do is point out to the court there is an absence of authority or facts to support their cause of action. Then the burden shifts to them to say to the court, here's the legal authority for a cause of action and here's the evidence that supports that legal theory, which they didn't do. And so as a result, the district court did not. The district court was correct in granting summary judgment and we would ask this summary judgment be affirmed. Thank you, counsel. Thank you. I'll be brief. Counsel here just hit the nail on the head that he has to point out an absence of material fact. That's not what they moved under. They made two arguments. One, that the felony statute precluded an award for the plaintiff. Two, that we were precluded by the public duty doctrine. We pointed out the public duty doctrine applies only to new duties that arise because of statute. This is not one of them. The duty that we pointed out was a common law duty. That was it. Somebody missed the boat here because, as all the law students know, Rule 56 is kind of predicated on presence or absence of material fact. Correct. You're saying it just didn't come up. They didn't move under that. They had two legal theories. Doesn't the district court have to make a decision under Rule 56 on the absence of a material fact? Would a yes or a no? Does the district court need to make that decision? Yes. Yes. Thank you. Thank you, Counsel. Thank you for the argument presented today and that Counsel agreed to do that at the law school. I think it's of great value to the students to hear the argument. That case is now submitted.
judges: McKEOWN, PAEZ, DESAI